FILED
2005 Jun-24  PM 03:27
U.S. DISTRICT COURT
N.D. OF ALABAMA

```
              IN THE UNITED STATES DISTRICT COURT
            FOR THE NORTHERN DISTRICT OF ALABAMA
                      SOUTHERN DIVISION

UNITED STATES OF AMERICA,      }
                               }
     Plaintiff,                }
                               }     CIVIL ACTION NO.
v.                             }     04-AR-2156-S
                               }
CERTAIN REAL PROPERTY LOCATED  }
AT 141 REDSTONE DRIVE,         }
BIRMINGHAM, ALABAMA, TOGETHER  }
WITH ALL FIXTURES,             }
IMPROVEMENTS AND               }
APPURTENANCES THEREON,         }
                               }
     Defendant.                }
```

**<u>MEMORANDUM OPINION</u>**

Before the court is the motion of plaintiff, the United States of America, for summary judgment. The United States brings this *in rem* civil forfeiture action against defendant real property pursuant to 21 U.S.C. § 881(a)(7). In its verified complaint, the United States alleges that the owner of defendant real property, Terry Dennis ("Dennis"), used the property to commit, or facilitate the commission of, violations of 21 U.S.C. § 801 *et seq.*, thus rendering the property subject to forfeiture under § 881(a)(7).

The United States alleges the following pertinent facts in its verified complaint.[1] On July 9, 2004, law enforcement authorities learned that Dennis had arranged to conduct a sale of five

---

[1] The verification of the complaint is the signed statement of Drug Enforcement Administration (DEA) agent David Fowler ("Fowler"), who declares under penalty of perjury that the statements of the United States in the complaint are true to the best of his knowledge, based on his personal involvement in the investigation of Dennis and the facts surrounding his arrest.

kilograms of cocaine to an individual named Robert Harris ("Harris").  While conducting aerial surveillance on Harris' vehicle that day, officers observed Harris pull into the driveway of the defendant real property, where they also observed the vehicle known to be driven by Dennis.  Aerial surveillance observed Harris' vehicle drive away less than five minutes later, while ground surveillance followed Dennis' vehicle.  Officers stopped and searched both vehicles.  In Harris' car officers found five kilograms of cocaine laying in the front floor board.  Officers found $42,130 cash in the back floor board of Dennis' vehicle.  Dennis was charged on July 12, 2004, with distribution of cocaine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A).  On the basis of this charge, the United States on the same day filed the instant civil forfeiture proceeding.

Dennis was served with notice and a copy of the complaint on September 29, 2004, and notice of the forfeiture proceeding was posted on the property on September 30, 2004.  The United States published the requisite public notice in a newspaper of general circulation in this district, proof of which was filed in this court on December 17, 2004.  Dennis, the sole claimant in this action, filed his notice of claim and verified statement on October 28, 2004, and his answer on November 12, 2004.  In his answer, Dennis "denies all allegations alleged in the verified complaint [except the allegation that he owned the property] and demands strict proof thereof."

Subsequently, on May 4, 2005, this court entered an order taking judicial notice of the fact that Dennis had entered into a plea agreement regarding the criminal charges against him in *United States v. Dennis*, CR-04-J-0290-S. The court ordered Dennis to show cause, if he could, why his plea agreement should not constitute a concession of "some or all of the material allegations of the verified complaint and thus entitle the United States to the entry of a final judgment of forfeiture." Dennis never responded to the show cause order. The United States responded by stating that the facts stipulated to by Dennis in his plea agreement serve "to adjudicate the merits of his defense to the civil forfeiture action." Accordingly, the United States filed a motion for summary judgment contemporaneously with its response to the court's show cause order.

The motion of the United States is due to be granted. In his plea agreement, Dennis stipulated that he and Harris met at Dennis' "Center Point, Alabama, residence" on July 9, 2004, where Dennis "transferred the cocaine" to Harris that was later found in Harris' possession.[2] The critical facts are thus undisputed. The only remaining question is whether the United States has shown that it is entitled to judgment as a matter of law under Rule 56(c),

---

[2] The plea agreement does not on its face reveal that Dennis' "Center Point" residence is in fact the defendant real property. A legal description, or at least an address, in the plea agreement stipulation of facts would have doubtless aided this court in concluding that "no genuine issue as to any material fact" exists. Nonetheless, the United States' statements to the court, coupled with Dennis' failure to even respond to the motion for summary judgment, are sufficient for the court to conclude that no genuine issue, as opposed to a hypothetical or purely conjectural one, exists regarding whether the property described in Dennis' plea agreement is in fact the defendant real property.

F.R.Civ.P.  The only authority the United States cites is the language of the relevant forfeiture statute itself, 21 U.S.C. § 881(a)(7), which provides:

> All real property, including any right, title, and interest (including any leasehold interest) in the whole of any lot or tract of land and any appurtenances or improvements, which is used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, a violation of this subchapter punishable by more than one year's imprisonment.

Dennis' plea agreement establishes the fact that defendant property was used to distribute cocaine in violation of §§ 841(a)(1) and (b)(1)(A).  The United States has further provided the notice required as a condition precedent to an order of forfeiture.  *See* 18 U.S.C. § 985(c).  Therefore, the court will grant the motion for summary judgment by separate order and enter final judgment vesting title in the United States.

DONE this 24th day of June, 2005.

_____
WILLIAM M. ACKER, JR.

UNITED STATES DISTRICT JUDGE